NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
JAMIE MICKELSON
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6281
jamie.mickelson@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIX B. GUZMAN, JR.,<br><br>Defendant. | 2:13-cr-00296-KJD-VCF<br><br>**STIPULATION TO MODIFY CONDITIONS OF PRETRIAL RELEASE** |

IT IS HEREBY STIPULATED AND AGREED, by and between Nicholas A. Truntanich, United States Attorney, and Jamie L. Mickelson, Assistant United States Attorney, counsel for the United States of America, and Gabriel L. Grasso, Esq, counsel for FELIX B. GUZMAN, JR., that the conditions of pretrial release for defendant Felix Guzman, Jr., be modified as set forth below.

(1) Defendant Felix B. Guzman, Jr., was named in Count One of an indictment returned by a grand jury in the District of Nevada on July 31, 2013. (ECF 1.) Defendant did not make his initial appearance in this district until October 3, 2019, because he was unable to be located and arrested. (ECF 80). Defendant was initially arrested in Arizona in August

2019 after crossing into the United States from Mexico, and was committed to the this district on the outstanding arrest warrant.

(2) On October 9, 2019, Magistrate Judge Brenda Weksler held a detention hearing and ordered the defendant released on a personal recognizance bond. (ECF 83, 84.) Defendant was also ordered to reside in a halfway house or community corrections center, as determined by Pretrial Services. *Id.* Notably, for purposes of this motion, defendant was not ordered to surrender his passport, nor to refrain from obtaining any new travel documents.

(3) On November 22, 2019, defense counsel filed an unopposed motion to modify the terms of pretrial release, which was granted on December 10, 2019. (ECF 88, 89). The modification permits defendant to reside in Arizona with family instead of at the halfway house. Defendant moved to Arizona shortly thereafter, and reported to Pretrial Services there as ordered. At the time, he had a pending case in the District of Arizona as well, which both counsel for the Government and counsel for the defense erroneously believed had been dismissed. *See United States v. Guzman*, 2:08cr598 (D. Arizona). Accordingly, defendant made an initial appearance in that case and was released on a personal recognizance bond. *Id.* at ECF 340, attached hereto as Attachment A. Defendant was ordered to "surrender all travel documents to Pretrial Series and [] not obtain a passport or other travel document during the pendency of these proceedings." *Id.* Accordingly, on December 19, 2019, defendant surrendered his passport to pretrial services in Arizona.

(4) On January 3, 2020, the United States moved to dismiss the indictment in the District of Arizona case. 2:08cr598 at ECF 343, and the motion was granted on January 6, 2020 (ECF 344).

(5) Defendant has ties to Mexico and spent time in Mexico prior to self-surrendering in this case. Accordingly, surrender of his passport, as well as a condition that he not obtain a new passport, is necessary to ensure the defendant's appearance at trial in this matter. 18 U.S.C. § 3142(c)(1)(B)(xiv). Accordingly, the parties hereby stipulate that the conditions of pretrial release should be modified in this case to add the following conditions:

    (1) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer; and

    (2) The defendant shall not obtain a passport or passport card.

(6) Defendant agrees to the requested modification of the conditions of pretrial release.

DATED this 13th day of January, 2020.

| NICHOLAS A. TRUTANICH | GABRIEL L. GRASSO, P.C. |
| United States Attorney | |
| | |
| By: */s/ Jamie Mickelson* | */s/ Gabriel L. Grasso* |
|     Jamie Mickelson | Gabriel L. Grasso, Esq. |
|     Assistant United States Attorney | Counsel for Felix B. Guzman, Jr. |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIX GUZMAN, JR.,<br><br>Defendant. | 2:13-cr-00296-KJD-VCF<br><br>**ORDER** |

## FINDINGS OF FACT

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

(1) Defendant Felix B. Guzman, Jr., was named in Count One of an indictment returned by a grand jury in the District of Nevada on July 31, 2013. (ECF 1.) Defendant did not make his initial appearance in this district until October 3, 2019, because he was unable to be located and arrested. (ECF 80). Defendant was initially arrested in Arizona in August 2019 after crossing into the United States from Mexico, and was committed to the this district on the outstanding arrest warrant.

(2) On October 9, 2019, Magistrate Judge Brenda Weksler held a detention hearing and ordered the defendant released on a personal recognizance bond. (ECF 83, 84.) Defendant was also ordered to reside in a halfway house or community corrections center, as determined by Pretrial Services. *Id.* Defendant was not ordered to surrender his passport, nor to refrain from obtaining any new travel documents.

(3) On November 22, 2019, defense counsel filed an unopposed motion to modify the terms of pretrial release, which was granted on December 10, 2019. (ECF 88,

89). The modification permits defendant to reside in Arizona with family instead of at the halfway house. Defendant moved to Arizona shortly thereafter, and reported to Pretrial Services there as ordered. At the time, he had a pending case in the District of Arizona as well, which both counsel for the Government and counsel for the defense erroneously believed had been dismissed. *See United States v. Guzman*, 2:08cr598 (D. Arizona). Accordingly, defendant made an initial appearance in that case and was released on a personal recognizance bond. *Id.* at ECF 340, attached hereto as Attachment A. Defendant was ordered to "surrender all travel documents to Pretrial Series and [] not obtain a passport or other travel document during the pendency of these proceedings." *Id.* Accordingly, on December 19, 2019, defendant surrendered his passport to pretrial services in Arizona.

(4) On January 3, 2020, the United States moved to dismiss the indictment in the District of Arizona case. 2:08cr598 at ECF 343, and the motion was granted on January 6, 2020 (ECF 344).

(5) Defendant has ties to Mexico and spent time in Mexico prior to self-surrendering in this case. Accordingly, surrender of his passport, as well as a condition that he not obtain a new passport, is necessary to ensure the defendant's appearance at trial in this matter. 18 U.S.C. § 3142(c)(1)(B)(xiv). Accordingly, the conditions of pretrial release in this matter should be modified to add the following conditions:

(1) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer; and

(2) The defendant shall not obtain a passport or passport card.

(6) Defendant agrees to the requested modification of the conditions of pretrial release.

//

**ORDER**

IT IS THEREFORE ORDERED that defendant's conditions of pretrial release shall be modified as follows:

The following additional conditions are imposed:

(1) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer; and

(2) The defendant shall not obtain a passport or passport card.

**IT IS SO ORDERED**

**DATED: January 14, 2020**

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**